**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| ERICK DIAZ, | DOCKET NUMBER |
| Appellant, | DC-3443-19-0674-I-1 |
| v. | |
| DEPARTMENT OF THE NAVY, | DATE: June 27, 2024 |
| Agency. | |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Erick Diaz, New York, New York, pro se.

Jeremiah P. Crowley, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

**FINAL ORDER**

¶1    The appellant has filed a petition for review of the initial decision, which dismissed his appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b). We FORWARD the appellant's whistleblower reprisal claims raised for the first time on review to the administrative judge for docketing as an individual right of action (IRA) appeal, and a determination on jurisdiction, and, if applicable, the merits.

## BACKGROUND

¶2      The appellant was employed as a Human Resources Specialist/Case Examiner, GS-12, step 4, with the agency's Board for Correction of Naval Records (BCNR). Initial Appeal File (IAF), Tab 1 at 5, 7. On May 31, 2019, the agency informed the appellant that he was being temporarily detailed to a GS-10 position, effective June 1, 2019, for a time period not to exceed 60 days. *Id.* at 9. The agency's May 31, 2019 memorandum explained that the detail was the result of efforts to satisfy the appellant's reasonable accommodation request and that it would be conducting "an expanded job search for a funded vacant position" for which he was qualified, but that if the search did not identify such a position for which he was qualified, he would be offered a permanent reassignment to the detailed position. *Id.*

¶3      The appellant appealed the detail to the Board, arguing that he had "been retaliated against . . . as a result of having reported improper [G]overnmental activities and for questioning on several instances the illegal bias[] and

mishandling of cases." *Id.* at 5. The administrative judge issued a jurisdictional order noting that the appellant's appeal concerning "whistleblowing or other protected activity" appeared to be an IRA appeal, and she informed him of what was required to establish Board jurisdiction over his appeal, and, if such a showing was made, how to prove his claim on the merits. IAF, Tab 3. She ordered him to file evidence and argument to support a claim of Board jurisdiction. *Id.* at 7. The appellant did not respond to the jurisdictional order.

¶4    On August 29, 2019, the administrative judge issued an initial decision on the written record, dismissing the appeal for lack of jurisdiction. IAF, Tab 5, Initial Decision (ID) at 1. She noted that, although the position to which the appellant was detailed is at the GS-10 level, "it is unclear whether the appellant suffered a permanent reduction in grade or pay."[2] ID at 2. She further stated that, absent a response from the appellant to the jurisdictional order, she was "unable to find that he has established jurisdiction over this appeal" and, similarly, that, absent evidence that he exhausted his administrative remedies with the Office of Special Counsel (OSC), she was unable to find jurisdiction "over his retaliation or whistleblowing claim or treat this appeal as an [IRA appeal]." ID at 3.

¶5    The appellant has filed a petition for review, claiming that he was unable to timely respond to the jurisdictional order because he was on medical leave while undergoing mental health treatment and dealing with mental health issues related to his post-traumatic stress disorder and traumatic brain injury. Petition for Review (PFR) File, Tab 2 at 5. He has submitted documents with his petition for review to support this claim. *Id.* at 18-31. He also provides detailed background information for his claims and reasserts that he was detailed to a GS-10 position

---

[2] We recognize that a reduction in grade or pay need not be permanent to constitute an appealable action under chapter 75. Here, however, the appellant's appeal appears to only assert reprisal for whistleblowing activity, IAF, Tab 1 at 5, and on review, he has not argued that the administrative judge erred by not considering his claim as a demotion appeal, Petition for Review File, Tab 2.

in reprisal for whistleblowing. *Id.* at 5-8, 10-16. He includes with his petition for review a January 20, 2019 OSC complaint and an OSC close-out letter dated July 15, 2019. *Id.* at 32-41. The appellant also appears to raise new claims for the first time on review, asserting that the agency engaged in other retaliatory actions, such as issuing him poor performance evaluations, removing his reasonable accommodations, and subjecting him to a hostile work environment. *Id.* at 6.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6      The Board has held that, when an appellant alleges that an agency takes a personnel action in reprisal for a whistleblowing activity, he has raised a cognizable IRA claim. *See Carson v. Department of Energy*, 109 M.S.P.R. 213, ¶ 32 (2008), *aff'd*, 357 F. App'x 293 (Fed. Cir. 2009). Pursuant to 5 U.S.C. § 2302(a)(2)(A)(iv), a detail constitutes a personnel action, and the appellant has claimed that his detail was taken in reprisal for "reporting improper [G]overnmental activities." IAF, Tab 1 at 5. Therefore, the appellant's claim should be treated as an IRA appeal.

¶7      The Board has jurisdiction over an IRA appeal if the appellant exhausts his administrative remedy before OSC and makes nonfrivolous allegations that: (1) he made a protected disclosure described under 5 U.S.C. § 2302(b)(8) or engaged in protected activity described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the disclosure or protected activity was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a). *Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 5 (2016).

The appellant has not proven that he exhausted with OSC his claim that the agency detailed him in reprisal for making protected disclosures or engaging in protected activity.

¶8      In an IRA appeal, the Board may consider only matters that the appellant first raised before OSC. *Mason v. Department of Homeland Security*,

116 M.S.P.R. 135, ¶ 8 (2011). The purpose of the requirement that an appellant exhaust his remedies with OSC prior to filing an IRA appeal with the Board is to give OSC "the opportunity to take corrective action before involving the Board in the case." *Ward v. Merit Systems Protection Board*, 981 F.2d 521, 526 (Fed. Cir. 1992). The Whistleblower Protection Enhancement Act provides that, if OSC finds that there is a substantial likelihood that the information it received discloses a violation of the Act, it "shall transmit the information to the head of the agency involved for investigation and report." *See* 5 U.S.C. § 1213(b), (c); *Ward*, 981 F.2d at 526 (making this finding based on the same language in the prior Whistleblower Protection Act). These inquiries by OSC and their transmittal to agencies for remedial action are a major component of OSC's work. *Ward*, 981 F.2d at 526.

¶9 The Board may consider only those disclosures of information and personnel actions that the appellant raised before OSC. *Mason*, 116 M.S.P.R. 135, ¶ 8. To satisfy the exhaustion requirement, an appellant must provide to OSC a sufficient basis to pursue an investigation that might lead to corrective action. *Chambers v. Department of Homeland Security*, 2022 MSPB 8, ¶ 10. An appellant may demonstrate exhaustion through his initial OSC complaint, evidence that he amended the original complaint, including but not limited to OSC's preliminary determination letter and other letters from OSC referencing any amended allegations, and the appellant's written responses to OSC referencing the amended allegations. *Id.*, ¶ 11; *Mason*, 116 M.S.P.R. 135, ¶ 8. To establish Board exhaustion, the appellant must prove exhaustion with OSC by preponderant evidence, not just present nonfrivolous allegations of exhaustion. 5 C.F.R. § 1201.57(c)(1).

¶10 The only evidence in the record of OSC exhaustion of the appellant's claim that his detail was taken in reprisal for whistleblowing activity is his OSC

complaint and the OSC close-out letter submitted with the petition for review.[3] PFR File, Tab 2 at 32-41. The complaint was submitted on January 20, 2019, and appears to have been most recently modified on January 30, 2019. *Id.* at 32. Because the appellant was informed of the detail on May 31, 2019, and it became effective on June 1, 2019, it is not temporally possible for him to have exhausted this claim in the January 2019 OSC complaint. IAF, Tab 1 at 9; *see MacDonald v. Department of Justice*, 105 M.S.P.R. 83, ¶ 10 (2007) (concluding that an appellant could not have exhausted a claim of a retaliatory agency action with OSC when that action occurred after he filed his OSC complaint). Indeed, we have reviewed the OSC complaint, and it makes no reference to the June 1, 2019 detail. PFR File, Tab 2 at 32-40. Additionally, OSC's July 15, 2019 close-out letter does not provide any additional information regarding the claims that the appellant exhausted with OSC, and, therefore, also fails to establish exhaustion. *Id.* at 41. Accordingly, we agree with the administrative judge's decision to dismiss this appeal for lack of jurisdiction. *See Lewis v. Department of Commerce*, 101 M.S.P.R. 6, ¶ 7 (2005) (affirming the administrative judge's decision to dismiss an IRA appeal for lack of jurisdiction when the appellant failed to exhaust her administrative remedies as to specific personnel actions).

---

[3] Under 5 C.F.R. § 1201.115, the Board generally will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980). We recognize the appellant's documented medical issues, PFR File, Tab 2 at 18-31, and we note that the issue of jurisdiction is always before the Board, *see Lovoy v. Department of Health & Human Services*, 94 M.S.P.R. 571, ¶ 30 (2003). In IRA appeals, the Board will generally accept evidence of OSC exhaustion presented for the first time on review when it implicates the Board's jurisdiction and warrants a different outcome than that of the initial decision. *See, e.g., Schoenig v. Department of Justice*, 120 M.S.P.R. 318, ¶ 7 (2013). We have considered the appellant's evidence submitted for the first time on review because it goes to the heart of the jurisdictional issue and he has provided a satisfactory explanation for his failure to submit it below.

<u>The appellant's whistleblower reprisal claims raised for the first time on review are forwarded to the administrative judge to be docketed as an IRA appeal.</u>

¶11      As noted above, the appellant raises several claims for the first time on review that appear to constitute claims of whistleblower reprisal. Specifically, he alleges that after he reported "irregularities," such as "improper ex parte communications" involving cases before the BCNR, he began to receive poor performance evaluations, had his reasonable accommodations removed, and was subjected to a hostile work environment. PFR File, Tab 2 at 6. Based on our review of the OSC complaint submitted with the petition for review, we find that all of these claims have been exhausted. *Id.* at 35-37. Therefore, we forward these claims to the Board's Washington Regional Office for docketing as an IRA appeal and for a determination on jurisdiction and, if applicable, on the merits. Additionally, the administrative judge assigned to the appeal should issue a new jurisdictional order and provide the appellant with a full opportunity to plead and prove his claims.

¶12      Based on the foregoing, we deny the appellant's petition for review, and affirm the initial decision. We forward the appellant's claims that the agency issued him poor performance evaluations, removed his reasonable accommodations, and subjected him to a hostile work environment in reprisal for reporting "ex parte communications" and other "irregularities" involving cases before the BCNR, which were raised for the first time on review, to the Washington Regional Office for docketing as an IRA appeal and adjudication.

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals<br>
for the Federal Circuit<br>
717 Madison Place, N.W.<br>
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD:      _____

Gina K. Grippando
Clerk of the Board

Washington, D.C.